IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

PATRICIA C. FLOURNOY,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　*　　　CV 114-161
　　　　　　　　　　　　　　　　　　*
CML-GA WB, LLC; RIALTO　　　　　　*
CAPITAL ADVISORS, LLC; REX　　　　*
PROPERTY AND LAND, LLC; and　　　 *
PAUL GREGORY KING,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　Defendants.　　　　　　　　*

_____

**O R D E R**
_____

Currently before the Court is Defendants' motion for bond on appeal. (Doc. 72.) On December 10, 2015, the Court granted summary judgment in favor of Defendants in this matter. (Doc. 62.) Subsequently, Plaintiff filed her notice of appeal, and Defendants moved for bond on appeal. Defendants request that the Court require Plaintiff to post bond in the amount of $30,000, which includes $25,000 for attorneys' fees and $5,000 for unspecified costs.

Pursuant to Federal Rule of Appellate Procedure 7, "[i]n a civil case, the district court may require an appellant to file

a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal . . . ." In a civil-rights case, such as this one, that amount may include attorneys' fees only if the appeal is frivolous. <u>Young v. New Process Steel, LP</u>, 419 F.3d 1201, 1207-1208 (11th Cir. 2005). Specifically, the court in <u>Young</u> stated:

> [R]eading Rule 7 against the *Christiansburg* decision, we hold that a district court may not require an unsuccessful plaintiff in a civil rights case to post an appellate bond that includes not only ordinary costs but also the defendant's anticipated attorney's fees on appeal, unless the court determines that the appeal is likely to be frivolous, unreasonable, or without foundation.

<u>Id.</u>

Defendants maintain that Plaintiff's appeal is frivolous, and, therefore, a bond including attorneys' fees is appropriate. While the Court stands by its Order granting summary judgment in this case, it cannot say that Plaintiff's appeal is "frivolous, unreasonable, or without foundation." <u>Id.</u> Accordingly, the Court declines to require Plaintiff to post bond that includes attorneys' fees. Further, with respect to the amount Defendants request relating to costs, Defendants' papers on this issue do not address why the amount is necessary or appropriate or how they arrived at the number. Therefore, the Court declines to require a bond in that amount. See <u>Swain v. Precision Strip,</u>

2

Inc., No. 1:10-CV-2941-VEH, 2012 WL 1745515, at *2 (N.D. Ala. May 14, 2012). Defendants' motion (doc. 72) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 2nd day of May, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA