IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

PATRICIA C. FLOURNOY,          *
                               *
          Plaintiff,           *
                               *
                               *
     v.                        *          CV 114-161
                               *
CML-GA WB, LLC; RIALTO         *
CAPITAL ADVISORS, LLC; REX     *
PROPERTY AND LAND, LLC; and    *
PAUL GREGORY KING,             *
                               *
                               *
          Defendants.          *

---

**O R D E R**

---

Currently before the Court is Defendants CML-GA WB, LLC's and Rialto Capital Advisors, LLC's ("Defendants") motion for attorneys' fees. (Doc. 71.) Upon consideration, the Court **DENIES** Defendants' motion.

I.    **Background**

Plaintiff initiated this action on July 29, 2014 and alleged that Defendants discriminated against her based on her race when they denied her application to lease space in Defendants' building. (Doc. 1.) Eventually, Defendants moved for summary judgment, which the Court granted on December 10,

2015.   (Doc. 62.)   Plaintiff filed her notice of appeal on January 8, 2016.   (Doc. 65.)   On January 14, 2016, Defendants moved for attorneys' fees.   (Doc. 71.)   Defendants claim they are entitled to fees under Federal Rule of Civil Procedure 68, 28 U.S.C. § 1927, and 42 U.S.C. § 1988(b).   The Court addresses each of these separately below.

## II.   Discussion

As a preliminary matter, the Court notes that, although Plaintiff has appealed the Court's ruling on Defendants' motion for summary judgment, it retains jurisdiction to hear the current motion for attorneys' fees.   See Rothenberg v. Sec. Mgmt. Co., 677 F.2d 64, 64-65 (11th Cir. 1982).

1. **Defendants are not entitled to attorneys' fees under Federal Rule of Civil Procedure 68 because judgment was not entered in favor of Plaintiff.**

Under Rule 68, a defendant may make an offer of judgment to a plaintiff on specified terms.   Fed. R. Civ. P. 68.   If the plaintiff rejects the offer and then ultimately obtains a judgment that is "not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."   Fed. R. Civ. 68(d).   This rule applies only when a plaintiff obtains a judgment that is less favorable than the offer the defendant made; it does not apply when a defendant obtains a judgment.   Delta Air Lines, Inc. v. August, 450 U.S.

2

346, 351-52 (1981) ("In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff."); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 334 (5th Cir. 1995) ("[T]he Supreme Court limited Rule 68 to cases in which a plaintiff obtains a judgment against the defendant; the rule is not applicable when a defendant actually prevails over the plaintiff."); Landon v. Hunt, 938 F.2d 450, 451 n.1 (3d Cir. 1991) ("[The defendants] could not rely on Rule 68 to recover costs in this case because the district court dismissed the claim against them with prejudice.").

In this case, the Court granted summary judgment in favor of Defendants, so Defendants are not permitted to recover costs or fees under Rule 68. The Court, therefore, **DENIES** Defendants' request for attorneys' fees under Rule 68.

## 2. Defendants are not entitled to attorneys' fees under 28 U.S.C. § 1927 because they have not produced any evidence that Plaintiff's attorneys acted unreasonably or vexatiously.

Defendants move for attorneys' fees under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

3

28 U.S.C. § 1927. For an award under § 1927 to be proper, "an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (citation omitted) (internal quotation marks omitted). This standard is met "only when the attorney's conduct is so egregious that it is tantamount to bad faith[,]" which "is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." Id. (citations omitted) (internal quotation marks omitted).

Here, Defendants claim they are entitled to fees under § 1927 because Plaintiff's attorneys acted recklessly in pursuing this frivolous action. The Court, however, disagrees. Although the Court determined that Plaintiff's claim failed as a matter of law, it declines to find that her attorney's conduct was "so egregious that it [was] tantamount to bad faith." Peer, 606 F.3d at 1314 (citation omitted) (internal quotation marks omitted). Further, there is simply no evidence before the Court that indicates that Plaintiff's attorneys ever engaged in any dilatory tactics or multiplied any proceeding. See id. Accordingly, the Court **DENIES** Defendants' motion for fees under § 1927.

## 3. Defendants are not entitled to attorneys' fees under 42 U.S.C. § 1988 because they did not timely file their motion.

Under Federal Rule of Civil Procedure 54, "[u]nless a statute or a court order provides otherwise, [a motion for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B).[1] And Rule 54 applies to motions for attorneys' fees brought under 42 U.S.C. § 1988. Horne v. Hamilton, Oh., 181 F.3d 101, 1999 WL 313902, at *1 (6th Cir. May 3, 1999) ("Numerous courts have applied Rule 54(d)(2)(B)'s fourteen day time limit to § 1988 motions for attorney's fees.").

Here, judgment was entered on December 10, 2015 (doc. 63), and Defendants moved for attorneys' fees on January 14, 2016 (doc. 71) — thirty-five days after the entry of judgment. Defendants do not argue that their motion was timely. Nor have they requested an extension of time based on excusable neglect under Rule 6(b). See Fed. R. Civ. 6(b). Instead, citing Romaguera v. Gegenheimer, 162 F.3d 893 (5th Cir. 1998), Defendants claim they complied with the purpose of Rule 54(d) because, via e-mail, Defendants' counsel informed Plaintiff's counsel that she intended to request fees. In that e-mail, Defendants' counsel stated: "I thought you might want to review the attached U.S. Supreme Court case before dismissing our

---

[1] Defendants motion was also untimely under the Court's local rule. See LR 54.2, SDGa.

ability to pursue attorneys' fees. I'm sure you are aware that Section 1988 equally applies to 1981 claims." (Doc. 79-1 at 1.) While this correspondence may show that Plaintiff was aware that Defendants planned to seek attorneys' fees, it is easily distinguishable from Romaguera. There, the district court's order accompanying the judgment stated that the plaintiffs had requested attorneys' fees and noted that it would address that request at a separate hearing. Id. at 895. Subsequently, more than fourteen days after the entry of judgment, the plaintiff filed a motion for attorneys' fees, which the district court granted. Id. at 894-95. The Fifth Circuit determined that the district court's acknowledgment of the plaintiff's request satisfied Rule 54 and the plaintiff's motion merely served as a reminder to the district court. Id. at 896. Indeed, the Fifth Circuit noted, "[h]ad the [district court] not addressed the issue, or refrained from giving the impression that a hearing would be scheduled by the court, [the plaintiff] would have been required to file the motion under Rule 54(d)(2)." Id.

Here, the Court has not entered any order recognizing Defendants' intention to seek attorneys' fees or scheduled any hearing. And "[t]he fact that the parties were well aware that [Defendants] intended to file a fees motion at some indeterminate date in the future does not excuse noncompliance with the applicable procedural rules." Bender v. Freed, 436

F.3d 747, 750 (7th Cir. 2006) (internal quotation marks omitted). Defendants, therefore, were required to file their motion for attorneys' fees within fourteen days from the date of judgment. Because they failed to do so, the Court **DENIES** their motion as untimely.

**4. Defendants would not be entitled to attorneys' fees, even if they had timely filed their motion, because Plaintiff's claim was not "frivolous, unreasonable, or without foundation."**

Under § 1988, in an action brought under § 1981, as was this one, the Court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). An award of attorneys' fees is proper for a prevailing defendant "upon a finding that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation." Sullivan v. Sch. Bd. of Pinellas Cty., 773 F.2d 1182, 1188 (11th Cir. 1985) (internal quotation marks omitted). The factors the Court considers when evaluating frivolity include: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial . . . ." Id. at 1189. But a claim is not frivolous merely because it ultimately failed.[2] Rather, "a district court

---

[2] In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could

7

must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Id. And "[a] claim is not frivolous when it is meritorious enough to receive careful attention and review." O'Boyle v. Thrasher, __ F. App'x __, 2016 WL 1426013, at *1 (11th Cir. Apr. 12, 2016) (citation omitted) (internal quotation marks omitted).

Here, although the Court ultimately determined that Plaintiff failed to establish a prima facie case, it declines to award Defendants attorneys' fees. Plaintiff's claim did not wholly lack arguable merit and demanded careful attention and review from the Court. Moreover, as noted above, Defendants made an offer of judgment to Plaintiff.[3] Because Plaintiff's claim was not frivolous enough to warrant fees, the Court **DENIES** Defendants' motion on this issue.

---

> discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Sullivan, 773 F.2d at 1188-89 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978)).

[3] While this offer was for only $1,500 (doc. 74-11), Plaintiff correctly points out that, had she accepted it, she would have potentially been entitled to more than that amount because the offer did not include costs, and as a prevailing party, Plaintiff could have sought attorneys' fees under § 1988 as part of her costs. See Utility v. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1241 (11th Cir. 2002).

### III. Conclusion

For the reasons stated above, the Court **DENIES** Defendants' motion for attorneys' fees (doc. 71.) Additionally, Plaintiff's motion for oral argument is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia this 26th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA