**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

PATRICIA C. FLOURNOY,           *
                             *
      Plaintiff,         *
                             *
     v.                   *      CV 114-161
                             *
CML-GA WB, LLC; RIALTO       *
CAPITAL ADVISORS, LLC; REX   *
PROPERTY AND LAND, LLC; and  *
PAUL GREGORY KING,        *
                             *
                             *
      Defendants.       *

---

**O R D E R**

---

As prevailing parties, Defendants in this case move for costs under Federal Rule of Civil Procedure 54. Because Plaintiff does not object to REX Property and Land, LLC's and Paul King's bill of costs, their request is **GRANTED**. But because Plaintiff raises meritorious objections to CML-GA WB, LLC's and Rialto Capital Advisors, LLC's (the "Rialto Defendants") bill of costs, their request is **GRANTED IN PART AND DENIED IN PART**.

## I.   Background

The Court granted summary judgment in this case in December 2015. (Doc. 62.) Plaintiff appealed that ruling in January 2016. (Doc. 65.) Around the same time, Defendants moved the

Court to tax costs, but the Court deferred ruling on those requests until the Eleventh Circuit issued its decision. (Doc. 83.) The Eleventh Circuit has now affirmed this Court's grant of summary judgment, and Defendants have renewed their requests for costs.

## II.  Discussion

Under Rule 54(d), prevailing parties are entitled to certain costs. But the Court's authority to tax costs is statutorily limited to

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under [28 U.S.C. § 1923]; [and] (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920.

### A. The Rialto Defendants' Costs

The Rialto Defendants ask the Court to award $8,151.87 in costs: (1) $259.16 in clerk fees; (2) $4,142.79 in transcript fees; (3) $2,103.20 in printing fees; (4) $101.47 in witness fees; and (5) $1,545.25 in fees paid to a private investigator. (Doc. 86-1.)  Plaintiff objects to the $2,103.20 in printing fees and the $1,545.25 paid to the private investigator.

2

a. Private-Investigator Fees

Plaintiff argues that private-investigator fees are not recoverable as costs because they are not listed in § 1920. See North v. Mayo Grp. Dev., LLC, No. 3:11-cv-444-J-32JBT, 2013 WL 3461932, at *3 (M.D. Fla. July 9, 2013) ("This Court and others have held that [fees paid to private investigators] are not taxable as costs under § 1920."). The Rialto Defendants concede this point (doc. 89 at 1), and the Court thus **DENIES** their request for this cost.

b. Copying Costs

Plaintiff next argues that the Rialto Defendants are not permitted to recover the $2,103.20 in printing fees because (1) these costs are actually copying costs that (2) the Rialto Defendants must show were "necessarily obtained for use in the case," 28 U.S.C. § 1920(4). Because the Rialto Defendants admit that these costs are better classified as copying costs, the Court focuses on Plaintiff's second argument.

When a prevailing party seeks costs for copies, that party "has the burden of showing that the copies were necessarily obtained for use in the case." Sheffield v. State Farm Fire and Cas. Co., No. 5:14-CV-38, 2016 WL 5415015, at *4 (S.D. Ga. Sept. 26, 2016) (citation omitted) (internal quotation marks omitted). And "[u]nsubstantiated claims that particular documents were necessary — or that the copies all fit into the broad universe

3

of what is taxable — are insufficient." Id. (citation omitted) (internal quotation marks omitted). Indeed, "[t]he party seeking to recover these costs must show that the copies were necessary and provided either to the court or the opposing party." Grady v. Bunzi Packaging Supply Co., 161 F.R.D. 477, 479 (N.D. Ga. 1995).

Here, the Rialto Defendants have provided redacted invoices showing that they did, in fact, incur copying costs. (See 89-1.) But they do not attempt to explain why these costs were necessary. Accordingly, the Court **DENIES** the Rialto Defendants' request for these costs.

c. Other Costs

As noted, the Rialto Defendants also request (1) $259.16 in clerk fees, (2) $4,142.79 in transcript fees, and (3) $101.47 in witness fees. Because Plaintiff does not object, the Court **GRANTS** the Rialto Defendants' request for these costs.

**B. REX Property and Land, LLC's and Paul King's Costs**

Defendants REX Property and Land, LLC and Paul King request $3,197.83 in transcript costs. (Doc. 87-1.) Because Plaintiff does not object, the Court **GRANTS** these Defendants' request for costs.

### III. Conclusion

In sum, CML-GA WB, LLC's and Rialto Capital Advisors, LLC's bill of costs (doc. 86) is **GRANTED IN PART AND DENIED IN PART,**

4

and REX Property and Land, LLC's and Paul King's bill of costs is **GRANTED**. The Clerk is **ORDERED** to tax costs in the following amounts: (1) $4,503.42 against Plaintiff and in favor of CML-GA, LLC and Rialto Capital Advisors, LLC; and (2) $3,197.83 against Plaintiff and in favor of REX Property and Land, LLC and Paul King.

    **ORDER ENTERED** at Augusta, Georgia this _17th_ day of May, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA